Matos, Plaintiff and Appellant, *v.* Caraballo, Defendant
and Appellee.

Appeal from the District Court of San Juan in an Action
for the Execution of a Deed.

No. 2278.—Decided November 26, 1920.

Personal Representation — Attorney. — In all judicial proceedings the party
really interested may prosecute his action personally before the court without
being represented by counsel. Section 51 of the Code of Civil Procedure
is applicable when the interested party wishes to be represented by another
person.

The facts are stated in the opinion.

*Mr. H. Torres Solá* for the appellant.

*Mr. M. Moraza* for the appellee.

Mr. Chief Justice Hernández delivered the opinion of
the court.

On March 30, 1920, Antonio Matos Ocasio filed in the
clerk's office of the District Court of San Juan, Section 2,
a complaint against Antero Caraballo Mangual praying that
the defendant be ordered to execute in favor of the plaintiff
a public deed conveying a certain urban property consisting
of a house and lot which are described in the complaint.

The complaint was signed by plaintiff Antonio Matos
Ocasio and at the hearing on several motions made by the
defendant the latter moved that the complaint be dismissed
because the plaintiff had appeared in his own behalf and
had signed the complaint without engaging an attorney-at-
law to represent him as provided by section 51 of the Code
of Civil Procedure. After the defendant had sworn that the
plaintiff was not a licensed attorney the court entered judg-
ment on April 12, 1920, dismissing the complaint because the
plaintiff had not been represented by a licensed attorney-
at-law.

From that judgment the plaintiff appealed to this court
and alleges the following as the only ground of the appeal:

"Unlawful or erroneous construction and application by the trial

court of section 51 of the Code of Civil Procedure in the light of the jurisprudence of the Supreme Court in its judgment of May 9, 1909."

The section cited reads as follows:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this Code. Appearance in court shall be made through an attorney legally empowered to exercise his profession under the provisions of this law."

And the jurisprudence cited was that established by this court in the case of *Hernández* v. *The District Court,* 15 P. R. R. 251. In construing said section 51 of the Code of Civil Procedure in that case we reached the conclusion that the section refers to actions in which a party may desire to be represented by another person and that in such cases appearance should be made by a practicing attorney and not by one who merely holds a power of attorney, for it could not have been the intention of the Legislature to exclude parties from being heard unless represented by counsel. The grounds of this doctrine were amply set forth in the case cited and we see no reason to depart from it in this case.

The judgment appealed from is reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.